**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DIVISION OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BENJAMIN BENFER,** | )( | **Civil Action No. 4:22-cv-** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CITY OF BAYTOWN, TEXAS; and** | )( | |
| **BARRY CALVERT,** *Individually;* | )( | |
| | )( | |
| *Defendants.* | )( | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff BENJAMIN BENFER complaining of Defendants CITY OF BAYTOWN, TEXAS, and BARRY CALVERT, *Individually,* and will show the Court the following:

### INTRODUCTION

1.      Many police agencies have long had a "law of the street" that if an officer perceives disrespect by a person not immediately obeying their commands, lawful or not, or running they get punished on the spot by excessive force including the biting and rending of flesh by police dogs. Baytown, Texas has such a custom as illustrated by several vicious police dog attacks with no discipline, retraining, or other consequences. Benjamin brings long established Constitutional Claims under the Fourth and Fourteenth

Amendments for excessive force, false arrest, and wrongful prosecution under 42 U.S.C. section 1983 and state law claims of assault.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

3.      Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Harris County, Texas, within the United States Southern District of Texas.

## PARTIES

4.      Plaintiff Benjamin Benfer is an individual.

5.      Defendant City of Baytown, Texas is a governmental unit existing within the U.S. Southern District of Texas and can be served with process by serving the City Secretary or Mayor at 2401 Market Street, Baytown, Texas.

6.      Defendant Barry Calvert, Individually, is an individual residing in Harris County, Texas and can be served with process at 3200 North Main, Baytown, Texas 77521.

## FACTS

7.      In 2019 Ralphael White ran on foot from the Baytown police. The police did not know why he ran and at the time he was suspected of no crime. After Mr. White was caught Baytown police officer Barry Calvert used police dog "Hero" to repeatedly bite

and rend a compliant White as several Baytown officers looked on and did not intervene by words or action. There was no discipline or retraining of Calvert.

8.     The Chief of Police of Baytown released snippets of the violent video publicly onto YouTube and never disciplined Calvert. It is noted that the video snippets the Chief clipped together to be released has the officer covering the body worn camera lens during some relevant times. Baytown did not release the body camera from the clearest position. Barry Calvert is seen allowing continued unnecessary biting and rending of White at around 7:10 and the rewarding Hero (by patting) for continued biting.

*https://www.youtube.com/watch?v=PVminHLY_X8*

*https://www.fox26houston.com/news/baytown-police-release-video-of-violent-*

*arrest*

Baytown police detective Lance Watkins stated of Calvert's behavior "Listen to the officer's directions," "If the officer says, 'Stop,' stop. It's very easy."

9.     Mr. White sued and after viewing the body camera video evidence the Honorable Lee H. Rosenthal found a fact issue on excessive force denying a motion for summary judgment filed by Calvert. See **Civil Action No. 4:20cv4029,** Doc. 23.

10.     Plaintiff Benjamin Benfer, 29, and his wife Valerie Wilson, 30, are environmental engineers who work in the petrochemical industry and energy were, at the relevant times, working at a Baytown area plant. Valentine's Day February 14, 2021 Benjamin and Valerie were returning to their Baytown residence when Calvert, driving his K-9 unit squad vehicle, decided to stop Calvert. While Calvert would later swear in an

affidavit that Benfer ran a stop light just before his residence, this would prove false by Calvert's own dashcam. A criminal court judge would later grant a motion to suppress due to there being no proof of any traffic violation on Calvert's dashcam.

10.     After the improper stop Calvert then unleashed Hero to bite and the rend the flesh of Benfer just as he did White. Benfer suffered severe bite injuries including one close to the brachial artery which can lead to death in minutes if severed. Calvert then provided patently false statements in an affidavit to charge Benfer with resisting arrest.

11.     Calvert also falsely charged Valerie with interference with public duties. After much money and time were expended all charges were dropped against Benjamin and Valerie without any obligation required. Calvert suffered no injuries. As in the case of Ralphael White Calvert was not disciplined and there was no retraining.



12.     Plaintiff hired police dog expert Vanness H. Bogardus to review videos, reports, and other materials regarding the incident. Bogardus wrote a report and Plaintiff adopts the facts therein[1] and legal analysis as Plaintiff's own. **Exhibit 1.**

## CAUSES OF ACTION

### 42 USC § 1983: DEFENDANTS BAYTOWN and CALVERT

30.     Plaintiff reasserts all previous paragraphs as if fully set forth herein.

31.     The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. Fourth Amendment violation are actionable under 42 U.S.C. Section 1983. The Defendants violated Benjamins' Fourth Amendment and Fourteenth Amendments rights, at least, when he was brutally attacked and bitten several times by the Baytown police dog.

32.     Additionally, Calvert then claimed that Benjamin resisted arrest and had him arrested for same and then continued the prosecution for many months despite there being no probable cause for Benjamin's arrest.

32.     The force used upon Benjamin was not objectively reasonable nor did the individual defendants have an objectively or subjectively reasonable belief that the force used was lawful. The totality of circumstances in this case, viewed from the standpoint of

---

[1] While Plaintiff admits that Calvert made allegations against Plaintiff, Plaintiff does not assert those allegations as facts.

a reasonable police officer, would be that the force used upon Benjamin was unreasonable and excessive.

33.     The City of Baytown did not have adequate written policies, nor did they train or supervise Calvert in the proper handling of a police dog.

34.     City of Baytown condoned and ratified the actions of Calvert by failing to discipline or retrain him.

<u>**ASSAULT BY OFFENSIVE PHYSICAL CONTACT BY CALVET**</u>

35.     Plaintiff reasserts all previous paragraphs as if fully set forth herein.

36.     The elements of a cause of action for assault by offensive physical contact are the following: (1) the defendant acted intentionally or knowingly, (2) the individual defendants made contact with the plaintiff's person, and (3) the individual defendants knew or reasonably should have believed that the plaintiff would regard the contact as offensive or provocative. Tex. Pen. Code §22.01(a)(3). The basis for an action for assault by offensive physical contact is the unpermitted or intentional invasion of the plaintiff's person, not the harm done to the plaintiff's body. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967). In an action for assault by offensive physical contact, the plaintiff can recover actual damages for mental anguish even without showing physical injury. *Id*. In order to impose liability upon an employer for the tort of its employee under the doctrine of respondeat superior, the act of the employee must fall within the scope of the general authority of the employee and must be in furtherance of the employer's

business for the accomplishment of the object for which the employee was hired. *Dieter v. Baker Serv. Tools*, 739 S.W.2d 405 (Tex.App.—Corpus Christi 1987, writ denied).

37.    Lacking a good faith belief that their actions were legal the individual defendant Calvert is liable for assault.

## FALSEHOODS IN POLICE REPORTS/ MALICIOUS PROSECUTION/ FALSE ARREST

38.    Plaintiff reasserts all previous paragraphs as if fully set forth herein.

39.    Defendant Calvert made material misrepresentations in the police report in order to justify the arrest and prosecution when he knew there was no probable cause to either arrest or prosecute Plaintiff.

## PUNITIVE DAMAGES

40.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41.    All individual defendants are liable for punitive damages. The individual defendants were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

42.    Benjamin is entitled to recover attorneys' fees and costs to enforce his Constitutional rights under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

43.    Plaintiff demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

44.     WHEREFORE, Plaintiff Benjamin Benfer requests that the Court:

A.      Enter judgment for Plaintiff against the City of Baytown and each and every individually named defendant jointly and severally;

B.      Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all Defendants, jointly and severally;

C.      Award damages to Plaintiff for the violations of his Constitutional rights and state law claims;

D.      Award Pre- and post-judgement interest;

E.      Award Punitive damages against all individually named defendants;

F.      Order City of Baytown to implement policies and train employees in using police attack dogs in such situations as Plaintiffs; and

G.      Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.


                        Respectfully Submitted,

                        */s/ Randall L. Kallinen*
                        Kallinen Law PLLC
                        Randall L. Kallinen
                        State Bar of Texas No. 00790995
                        U.S. Southern District of Texas Bar No.: 19417
                        511 Broadway Street
                        Houston, Texas 77012
                        Telephone:  713/320-3785
                        FAX:        713/893-6737
                        E-mail:     AttorneyKallinen@aol.com

Alexander C. Johnson
State Bar of Texas No. 24123583
U.S. Southern District of Texas Bar No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573/340-3316
FAX:          713/893-6737
Email:        alex@acj.legal

ATTORNEYS FOR PLAINTIFF